IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIMOTHY CAREY, et al.,

     Plaintiffs,

     v.                       Case No. 22-CV-402

WISCONSIN ELECTIONS
COMMISSION, et al.,

     Defendants.

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

## INTRODUCTION

Plaintiffs are four Wisconsin voters with disabilities that make it impossible for them to vote without the assistance of another person in mailing or returning absentee ballots on their behalf to their respective municipal clerks. They have moved for preliminary relief against the Wisconsin Elections Commission and its Administrator, Meagan Wolfe (collectively, the "Commission"). They ask this Court to "enjoin, for the November 2022 election, the administration of elections in such a way which prohibits qualified Wisconsin voters with disabilities from receiving assistance returning their completed ballots and declare that qualified Wisconsin voters with disabilities

may have a person of their choice assist with returning their absentee ballots, by mail or in-person." (Dkt. 16:3–4.)

While the Commission does not dispute that the four Plaintiffs before the Court are entitled to the type of voting assistance they request, their preliminary injunction motion nevertheless must be denied because their claims do not present a case or controversy within the Court's jurisdiction between themselves and the Commission. In addition, Plaintiffs' federal preemption claims are unlikely to succeed because Wisconsin state law itself requires reasonable voting accommodations for voters with disabilities. In the alternative, if the Court were to determine that preliminary relief is warranted, any such relief should be limited to a narrowly tailored declaration as to the legal entitlement of the four Plaintiffs to assistance in mailing or returning their absentee ballots in November.

## DEFENDANTS' RESPONSE
## TO PLAINTIFFS' PROPOSED STATEMENT OF RECORD FACTS

Defendants respectfully refer the Court to their response to Plaintiffs' Proposed Statement of Record Facts filed separately. In short, Defendants have no dispute with the vast majority of Plaintiffs' proposed facts. (*See, e.g.*, Dkt. 17 ¶¶ 48–78.) Also, many of them are legal conclusions, and not "factual

propositions" in the first instance.[1] (*See* Dkt. 17 ¶¶ 1–19.) And some of the proposed facts lack evidentiary support. (*See, e.g.*, Dkt. 17 ¶ 38.) Lastly, Defendants dispute one of the proposed facts that Plaintiffs allege, (Dkt. 17 ¶ 40), and that dispute should not require an evidentiary hearing.

## PRELIMINARY INJUNCTION LEGAL STANDARD

A preliminary injunction is an extraordinary and drastic remedy and is never awarded as a matter of right. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). It is a "very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)). "[T]he moving party bears the burden of showing that a preliminary injunction is warranted." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018).

"To obtain a preliminary injunction, a plaintiff must show that it is likely to succeed on the merits, and that traditional legal remedies would be inadequate, such that it would suffer irreparable harm without the injunction." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021). "If the plaintiff fails to meet any of these threshold requirements, the court 'must deny the injunction.'" *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364

---

[1] The "Statutory Background" section of Plaintiffs' Proposed Statement of Record Facts does not contain "factual propositions" as required by this Court's *Procedure to be Followed on Motions for Injunctive Relief*, II.A.2(b).

(7th Cir. 2019) (quoting *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)).

Under the likelihood of success prong, the applicant "must make a strong showing that she is likely to succeed on the merits." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1754, (2021).

## ARGUMENT

## I. Plaintiffs are not entitled to preliminary relief because they are not likely to succeed on the merits of their claims.

The Court should deny the preliminary injunction motion because Plaintiffs are not likely to succeed on the merits of their complaint, for two reasons.

First, their claims against the Commission do not present a case or controversy within the judicial power of this Court under Article III of the United States Constitution. With regard to both mail ballot return assistance and to Plaintiffs' claim under the Voting Rights Act, the positions of the parties in this litigation on the relevant legal issues are not adverse, leaving this Court with no disputed legal controversy to resolve. And with regard to all of Plaintiffs' claims, the injuries they allege are not fairly traceable to any conduct by the Commission, nor would those injuries be likely to be redressed by the relief requested against the Commission. To the contrary, the municipal

clerks who might be in a position to provide concrete relief to Plaintiffs are not before the Court.

Second, Plaintiffs are also unlikely to succeed on the merits because Wisconsin's elections statutes expressly require reasonable accommodation of disabled voters, and thus do not violate any of the provisions of federal law on which Plaintiffs rely.

### A. There is no Article III case or controversy between Plaintiffs and the Commission.

#### 1. Article III legal standard.

It is a bedrock principle of federal law that Article III of the United States Constitution gives a federal court jurisdiction over a claim between a plaintiff and a defendant only if the claim presents a "case or controversy." *See Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement is especially stringent when the federal court is being asked to decide constitutional claims.[2] *See Wis. Env't Decade v. State Bar of Wis.*, 747 F.2d 407, 411 (7th Cir. 1984), *cert. denied*, 471 U.S. 1100 (1985). "The judicial power of the United States defined by Art. III is not an unconditioned authority to determine the constitutionality of legislative or executive acts." *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).

---

[2] Here, Plaintiffs' first three claims are federal preemption claims, which arise under the Supremacy Clause of U.S. Const. art. VI, cl. 2. Their fourth claim arises directly under U.S. Const. amend. I and XIV.

Accordingly, "[t]he federal courts are not empowered to seek out and strike down any governmental act that they deem to be repugnant to the Constitution." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 598 (2007). Rather, federal courts may only determine the constitutionality of a governmental action when required to do so in the performance of the judicial function of resolving concrete disputes properly brought before them for decision. *See id.*; *Younger v. Harris*, 401 U.S. 37, 52 (1971).

The requisite elements for establishing a case or controversy sufficient to give a federal court jurisdiction over a plaintiff's claims are well established: "'A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Hein*, 551 U.S. at 598 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1991). If any one of those elements is absent, the court lacks jurisdiction over the plaintiffs' claims. *See Opkalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc).

It follows from these principles that a case or controversy under Article III not only must be brought *by* a proper plaintiff, but also must be brought *against* a proper defendant. *See* 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3531.5 (Supp. 2005) at 933–36. Standing to defend, no less than standing to sue, demands that the litigant possess a direct stake in the controversy. *See Arizonans for Official English v. Arizona*, 520 U.S. 43,

64 (1997). That is, for there to be an actual controversy, the defendant must be so situated that the parties have sufficiently adverse legal interests. *See* 13 Wright & Miller, § 2757 (1998) at 473. The requisite adversity exists only where the complaint alleges injuries that fairly can be traced to challenged conduct of the named defendant, rather than injuries resulting from the independent actions of other parties. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). A defendant that can show at the outset that it is not responsible for the plaintiff's grievance thus is not a proper party for the plaintiff to sue. *See* 13 Wright, Miller & Cooper, § 3531.5 (Supp. 2005) at 458.

### 2.   As to mail ballot return assistance, there is no adversity—and thus no case or controversy—because the Commission interprets Wis. Stat. § 6.87(4)(b)1. as allowing such assistance.

Each of Plaintiffs' claims alleges that Wisconsin election law violates federally protected voting rights of Plaintiffs by purportedly prohibiting absentee voters with disabilities from receiving "ballot return assistance"—*i.e.* from having another person acting on behalf of a disabled voter deliver that voter's absentee ballot either into the mail or directly to the office of the relevant municipal clerk. With regard to *mail* ballot return assistance, none of Plaintiff's claims presents an Article III case or controversy because the Commission agrees with Plaintiffs that Wisconsin election law does not prohibit mail ballot return assistance at all. (Kilpatrick Decl. ¶¶ 4–5, Ex. B.)

The applicable Wisconsin statute is Wis. Stat. § 6.87(4)(b)1., which provides, in pertinent part, that an absentee ballot return envelope "shall be mailed by the elector, or delivered in person, to the municipal clerk issuing the ballot." The plaintiffs in the recently decided case of *Teigen v. Wisconsin Elections Comm'n*, 2022 WI 64, 976 N.W.2d 519, argued, in part, that for absentee ballots returned to a municipal clerk by mail, that statute requires the voter to personally place the envelope containing his or her own absentee ballot into the mail and does not allow another person to do so on the voter's behalf. *Id.* ¶ 9. The Commission disagreed, arguing in part that the statute allows a completed absentee ballot to be placed in the mail by another person acting on behalf of the voter. (Kilpatrick Decl. ¶ 5, Ex. B at 17–21.) That remains the Commission's litigation position today.

Although the circuit court in *Teigen* held that Wis. Stat. § 6.87(4)(b)1. prohibits mail ballot return assistance, *see id.* ¶ 5, the Wisconsin Supreme Court determined that the permissibility of mail ballot return assistance was not properly part of that case because the challenged agency guidance documents did not address that issue. *Id.* The court thus expressly declined to decide "whether the law permits a voter's agent to place an absentee ballot in the mail on the voter's behalf." *Id.*

Wisconsin Stat. § 6.87(4)(b)1. has thus not been authoritatively construed by the courts as prohibiting mail ballot return assistance. The

8

Commission continues to take the litigation position it took in *Teigen* that Wisconsin election law permits mail ballot return assistance for *all* absentee voters, including voters with disabilities. In the present case, therefore, there is no dispute between Plaintiffs and the Commission as to the permissibility of mail ballot return assistance for disabled voters. Plaintiffs' complaint thus presents no Article III case or controversy.

Plaintiffs allege that there is a dispute between the parties as to whether Wisconsin election law permits mail ballot return assistance because comments made by Administrator Wolfe at a news conference following the *Teigen* decision included a statement that "as of right now the voter is the one required to mail their ballot." (Dkt. 1 ¶ 6; *see also* Dkt. 17:14.) According to Plaintiffs, Wolfe's statement expresses "how WEC will apply *Teigen* to Wisconsin elections," and shows that such application will "fall[ ] unequally and unlawfully on voters with disabilities, like Plaintiffs." (Dkt. 1 ¶ 9.) Plaintiffs are incorrect.

First, Wolfe's statement does not contradict the Commission's litigation position in *Teigen*.[3] (*See* Defendants' Response to Plaintiffs' Proposed

---

[3] Wolfe's statement at the news conference was consistent with the position the Commission took in *Teigen*, where the Commission argued that, under the common and approved meaning of the word "mail," a ballot is "mailed by the elector," within the meaning of Wis. Stat. § 6.87(4)(b)1., if the elector gives it to an agent and directs the agent to place it in the mail, and the agent does so. (Kilpatrick Decl. ¶ 4, Ex. B. at 17–18.)

Statement of Record Facts ¶ 40.) Second, immediately following the publicity received by Wolfe's statement at the news conference, the Commission publicly issued a clarification which expressly stated that "Administrator Wolfe's comments should not be interpreted as a policy statement or statutory interpretation." (Kilpatrick Decl. ¶ 3, Ex. A.) The clarification additionally: (1) noted that municipal clerks are themselves responsible for considering the applicable law governing absentee voting; (2) advised interested persons to directly consult the *Teigen* decision; and (3) specifically observed that the supreme court expressly did not decide "'whether the law permits a voter's agent to place an absentee ballot in the mail on the voter's behalf.'" (*Id.*) Plaintiffs are thus wrong in suggesting that Wolfe's statement somehow shows that the Commission will apply *Teigen* as prohibiting mail ballot return assistance. (Dkt. 17:33–34.) To the contrary, the Commission has construed and continues to construe Wis. Stat. § 6.87(4)(b)1. as allowing mail ballot return assistance for all absentee voters, and it has not applied or threatened to apply that statute as prohibiting such assistance. (Kilpatrick Decl. ¶ 3, Ex. A; Defendants' Response to Plaintiffs' Proposed Statement of Record Facts ¶ 40.)

Because the parties agree that Wisconsin election law does not prohibit mail ballot return assistance, Plaintiffs' complaint presents no Article III case or controversy as to the availability of such assistance for voters with

disabilities, and they are thus unlikely to succeed on the merits of the claims on that particular issue.

> **3.   As to Plaintiffs' claim under the Voting Rights Act, there is no adversity because the Commission agrees that 52 U.S.C. § 10508 requires that ballot return assistance be allowed for a voter who cannot vote without such assistance due to a disability.**

The Commission also agrees that voters with disabilities are entitled to ballot return assistance in returning their ballots, both under state law and the Voting Rights Act. There is no case or controversy as to this issue, either.

The *Teigen* court held that, for absentee ballots returned directly to a clerk's office, Wis. Stat. § 6.87(4)(b)1. requires that the voter must personally return his or her own ballot. *Teigen*, 2022 WI 64, ¶¶ 4, 73–83. But the *Teigen* court did not hold that that prohibition can be applied to a voter who, by reason of a disability, is unable to vote without such assistance. The supreme court noted that one of the intervening defendants in *Teigen* had argued that an interpretation of Wis. Stat. § 6.87(4)(b)1. as prohibiting in-person ballot return assistance would be preempted by 52 U.S.C. § 10508.[4] *Teigen*, 2022 WI 64, ¶ 84. The court rejected that argument on the ground that it had not been adequately developed in that case, but it did not resolve the merits of the preemption argument or even conclude that, under state statutes, Wisconsin

---

[4] Although not cited by the *Teigen* court, the Commission also advanced the same argument.

could lawfully refuse in-person ballot return assistance to a voter who, due to a disability, would be unable to vote without such assistance. *See id.* ¶¶ 84–86.

Here, Plaintiffs have multiple claims about why voters who need ballot return assistance by virtue of a disability are legally entitled to have that assistance. Their first claim is that Section 208 of the Voting Rights Act Amendments of 1982, 52 U.S.C. § 10508 requires that ballot return assistance be allowed for any voter who cannot vote without such assistance due to a disability. (Dkt. 1 ¶¶ 114–19.) While the Commission disagrees that any preemption analysis is needed because state law also requires that assistance, there is no adversity because the Commission agrees that the Voting Rights Act also requires that assistance. Based on the facts presented by the four plaintiffs, they would qualify for help returning their ballots to a clerk.

The federal statute at issue states, in pertinent part, that "[a]ny voter who requires assistance to vote by reason of . . . disability . . . may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 52 U.S.C. § 10508. The Commission does not dispute that a voter—such as all Plaintiffs—who, due to a disability, is physically unable to personally deliver his or her absentee ballot to the clerk's office requires assistance in returning that ballot in order to vote, and such voters thus have a right to ballot return assistance under 52 U.S.C. § 10508. The Commission took that litigation

position in *Teigen* and it continues to take that litigation position here. (Kilpatrick Decl. ¶ 4, Ex. B. at 21–22.)

Because the Commission and Plaintiffs agree that such assistance is lawful, there is no case or controversy as to these four Plaintiffs' claim under 52 U.S.C. § 10508, and they are thus unlikely to succeed on the merits of that claim.

> **4.    The injuries alleged by the Plaintiffs are not fairly traceable to any conduct by the Commission, nor would those injuries be likely to be redressed by the relief requested against the Commission.**

Finally, Plaintiffs' complaint presents no case or controversy subject to this Court's jurisdiction because the injuries Plaintiffs allege are not fairly traceable to any conduct by the Commission and would not be redressed by the relief they seek. To the contrary, under Wisconsin's decentralized system of election administration, it is the municipal clerks and their staffs—not the Commission—who are responsible for the actions by which Plaintiffs claim they would be harmed, and who thus would be in a position to provide meaningful relief to Plaintiffs. Those parties, however, are not before the court. Conversely, the Commission is not a proper defendant for Plaintiffs' claims. *See* 13 Wright, Miller & Cooper, § 3531.5 (Supp. 2005) at 458.

Wisconsin is a unique state in that it has a highly decentralized system for election administration. *State ex rel. Zignego v. Wis. Elections Comm'n*,

2021 WI 32, ¶ 13, 396 Wis. 2d 391, 957 N.W.2d 208 (citing *Jefferson v. Dane Cnty.*, 2020 WI 90, ¶24 n.5, 394 Wis. 2d 602, 951 N.W.2d 556). "Rather than a top-down arrangement with a central state entity or official controlling local actors," Wisconsin gives significant responsibility to local election officials. *Id.* ¶ 13. "Municipal clerks are the officials primarily responsible for election administration in Wisconsin." *Id.* ¶ 15. Accordingly, it is those clerks who are responsible for the actions implicated by Plaintiffs' claims.

Each Plaintiff in this case claims irreparable injury if he or she is denied the ability to have another person deliver his or her absentee ballot either into the mail or to the clerk's office. Under Wisconsin's decentralized election system, however, it is the municipal clerks and their staffs who are responsible for accepting or rejecting an absentee ballot that is delivered to the clerk either by mail or in person. *See* Wis. Stat. § 6.87(4)(b)1. (providing that the ballot "shall be mailed by the elector, or delivered in person, *to the municipal clerk"*); § 5.02(10) (defining "Municipal clerk" to include clerks "and their authorized representatives").

The Commission, in contrast, does not receive or collect absentee ballots, and does not decide, in the first instance, whether to accept or reject a ballot based on how it has been delivered or whether an elector qualifies for an accommodation due to a disability. *See, generally,* Wis. Stat. § 5.05. Only if a complaint is filed with the Commission against a clerk is the Commission in a

position to review particular circumstances and determine the legality of a particular action, such as accepting or rejecting an absentee ballot delivered to the clerk by an agent acting on behalf of an elector with a disability. *See* Wis. Stat. §§ 5.06 (providing for the Commission to investigate and decide complaints against local election officials), 7.15(14) (requiring municipal clerks to make reasonable voting accommodations for individuals with disabilities). Under this decentralized system, if any Plaintiff were denied absentee ballot return assistance in an election, it would be the result of a contrary decision by a local election official, not the Commission.

Nor would Plaintiffs' alleged injury be redressed if they were granted the relief they seek against the Commission. Specifically, Plaintiffs' complaint seeks an injunction and declaratory relief preventing the Commission from administering any elections or enforcing Wis. Stat. § 6.87(4)(b)1. in a manner that would prohibit them from receiving absentee ballot return assistance. The only injunctive relief that could be granted against the Commission, however, would require it to adjudicate future complaints filed under Wis. Stat. § 5.06 in a manner consistent with the litigation position it has already taken regarding the rights of disabled voters under Wisconsin election law. But such an injunction would not require clerks to accept absentee ballots delivered by an agent of a disabled voter who is legally entitled to receive such ballot return

assistance. Such meaningful, concrete relief cannot be provided to Plaintiffs here because no such clerk is before the Court.

In summary, an Art. III case or controversy exists only where the complaint alleges injuries to the plaintiff that can be fairly traced to challenged conduct of the named defendant, rather than injuries resulting from the independent actions of some third party not before the court. *See Simon*, 426 U.S. at 41–42. Here, the injuries alleged by Plaintiffs are not fairly traceable to any conduct by the Commission.[5]

*** 

Plaintiffs' motion for preliminary relief can be denied without further inquiry.

**B.   In the alternative, Plaintiffs are not likely to succeed on the merits of their federal claims because Wisconsin's elections statutes require reasonable accommodation of disabled voters, and thus do not violate any of the provisions of federal law on which Plaintiffs rely.**

In addition to their claim under 52 U.S.C. § 10508, Plaintiffs also claim that Wisconsin's prohibition on in-person ballot return assistance

---

[5] If the Court accepts this final argument, Plaintiffs also fail to meet the irreparable harm requirement to obtain a preliminary injunction. That is, if Plaintiffs' alleged injury is not fairly traceable to Defendants' conduct, then it follows that Plaintiffs will not suffer irreparable harm without a preliminary injunction being granted against Defendants. And their motion can be denied. *See Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 19 & n.6 (7th Cir. 1992) (plaintiff's failure to demonstrate irreparable harm "dooms a plaintiff's case and renders moot any further inquiry").

discriminates against disabled voters based on their disabilities, in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act,[6] and unduly burdens the voting rights of voters with disabilities under U.S. Const. amend. I and XIV. As to all four of those claims, Plaintiffs are unlikely to succeed on the merits because Wisconsin's elections statutes expressly require reasonable accommodation of disabled voters, and thus do not violate any of the provisions of federal law on which Plaintiffs rely.

Although the *Teigen* court held that Wis. Stat. § 6.87(4)(b)1. generally prohibits in-person ballot return assistance, it was not called upon to consider the additional impact of Wis. Stat. § 7.15(14),[7] which expressly requires municipal clerks in Wisconsin to "make reasonable efforts to comply with requests for voting accommodations made by individuals with disabilities whenever feasible." When that provision is read together with Wis. Stat. § 6.87(4)(b)1., Wisconsin election law requires municipal clerks to accommodate requests for in-person ballot return assistance from disabled voters who require such assistance in order to vote when feasible. And if in-person ballot return assistance is allowed for disabled voters who need such

---

[6] The specific ADA prohibition on which Plaintiffs rely is located at 42 U.S.C. § 12132. The Rehabilitation Act provision on which they rely is located at 29 U.S.C. § 794.

[7] The Commission referenced this statute in guidance recently issued to local election officials about "legal considerations that clerks may wish to discuss with counsel as the 2022 election cycles are already underway and continue into August and November." (Kilpatrick Decl. ¶ 3, Ex. A.)

assistance, then state election law does not conflict with 52 U.S.C. § 10508, nor does it discriminate against disabled voters in violation of the ADA or the Rehabilitation Act, or unduly burden their voting rights under the United States Constitution.

"Pre-emption of state law by federal statute is not favored in the absence of persuasive reasons." *Collins v. Ralston Purina Co.*, 147 F.3d 592, 601 (*citing Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 522). Accordingly, "the proper approach is to reconcile 'the operation of both statutory schemes with one another rather than holding one completely ousted.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ware*, 414 U.S. 117, 127 (1973) (citation and internal quotation marks omitted); *see also Ore-Ida Foods, Inc. v. Richmond Transp. Services, Inc.*, 783 F. Supp. 382, 387 (N.D. Ill. 1992) ("[E]very attempt is made to reconcile the federal and state laws, therefore, preemption is only proper to the extent of an actual, real, and definite conflict between the two."). Here, because Wisconsin's election statutes, as construed above, can be reconciled with all the federal provisions on which Plaintiffs rely, they are unlikely to succeed on the merits of any of their federal preemption claims.

***

Plaintiffs' motion for preliminary relief should be denied. They have no reasonable likelihood of success on the merits because there is no Article III case or controversy here. In addition, one reason why is that the injury

Plaintiffs claim they suffer is not fairly traceable to Defendants' conduct, and that also means that they will not suffer irreparable harm absent an injunction against Defendants.

## II.  In the alternative, if the Court determines that Plaintiffs are entitled to preliminary relief, it could issue a narrowly tailored preliminary declaration under 52 U.S.C. § 10508.

Even if preliminary relief were clearly warranted, the appropriate relief would be a narrowly tailored preliminary declaration. That would be limited to a declaration, based on the undisputed record facts as to the four individual voters, that each Plaintiff is a voter who requires assistance to vote by reason of disability, and that 52 U.S.C. § 10508 requires that each Plaintiff may have a person of his or her choice—other than that Plaintiff's employer or agent of that employer or officer or agent of the Plaintiff's union, if any—assist with returning his or her absentee ballot, by mail or in-person, for the upcoming November 2022 general election in Wisconsin. *See* 52 U.S.C. § 10508. No additional preliminary declaratory or injunctive relief would be warranted.

## CONCLUSION

Defendants ask this Court to deny Plaintiffs' motion for a preliminary injunction and emergency declaratory relief. Alternatively, if the Court determines to issue preliminary relief, Defendants ask this Court to issue a narrowly tailored preliminary declaration under 52 U.S.C. § 10508.

Dated this 12th day of August 2022.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

Steven C. Kilpatrick
STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452

THOMAS C. BELLAVIA
Assistant Attorney General
State Bar #1030182

LYNN K. LODAHL
Assistant Attorney General
State Bar #1087992

Attorneys for Defendants Wisconsin
Elections Commission and Meagan Wolfe

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (SCK)
(608) 266-8690 (TCB)
(608) 264-6219 (LKL)
(608) 294-2907 (Fax)
kilpatricksc@doj.state.wi.us
bellaviatc@doj.state.wi.us
lodahllk@doj.state.wi.us

## CERTIFICATE OF SERVICE

I certify that on August 11, 2022, I electronically filed the foregoing document with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

Dated this 12th day of August 2022.

Electronically signed by:

s/ Steven C. Kilpatrick
STEVEN C. KILPATRICK
Assistant Attorney General