

**STATE OF WISCONSIN**
**DEPARTMENT OF JUSTICE**

**Josh Kaul**
**Attorney General**

**17 W. Main Street**
**P.O. Box 7857**
**Madison, WI 53707-7857**
**www.doj.state.wi.us**

**Thomas C. Bellavia**
**Assistant Attorney General**
**608/266-8690**
**bellaviatc@doj.state.wi.us**
**FAX 608/294-2907**

August 29, 2022

The Honorable James D. Peterson
United States District Court
Western District of Wisconsin
120 North Henry Street, Room 320
Madison, Wisconsin 53703

   Re: *Timothy Carey, et al. v. WEC, et al.*,
     Case No. 22-cv-402

Dear Judge Peterson:

Currently before the Court is Plaintiffs' Motion for a Preliminary Injunction and Emergency Declaratory Relief. (Dkt. 16.) At a hearing on that motion on August 24, 2022, the Court indicated that it is likely to issue some form of preliminary declaratory and injunctive relief in early September. The Court also expressed a desire to try to complete this litigation as expeditiously as possible. Because the Court perceived a significant degree of agreement between the parties on central legal issues in the case, the Court asked whether it might be possible to quickly resolve the entire case by converting the pending preliminary injunction motion into summary judgment, resolving that motion without need for further briefing, and issuing permanent, rather than temporary, declaratory and injunctive relief. The Court instructed the parties to submit their views on this question by the close of business on August 29, 2022.

Defendants Wisconsin Elections Commission and Administrator Meagan Wolfe (collectively, the "Commission") hereby respond and inform the Court that, from the Commission's perspective, whether there are disputed issues requiring further litigation prior to any final, permanent order will depend on the scope of declaratory and injunctive relief that Plaintiffs seek in such a final order—specifically, (a) the breadth of any declarations of federal law requested by Plaintiffs;

The Honorable James D. Peterson
August 29, 2022
Page 2

and (b) the nature and extent of any particular obligations or directives Plaintiffs may ask the Court to impose on the Commission.

It is thus impossible for the Commission to definitively answer the Court's inquiry without knowing precisely what Plaintiffs will seek in a final, permanent order. However, the Commission can describe for the Court certain types of demands from Plaintiffs that would be disputed by the Commission, so as to require additional litigation.

In their complaint, Plaintiffs essentially seek (1) a declaratory judgment declaring that Section 208 of the Voting Rights Act, 52 U.S.C. § 10508, and Section 202 of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12132, require that qualifying Wisconsin voters with disabilities must be allowed to receive ballot return assistance, notwithstanding any contrary provisions in state election law;[1] and (2) an order enjoining the Commission from enforcing or giving effect to any prohibition of ballot return assistance for qualifying Wisconsin voters with disabilities, or from administering any elections in such a way as to prohibit such voters from receiving such assistance. (Dkt. 1:34–35.) Plaintiffs requested equivalent relief in their preliminary injunction motion, and additionally have asked the Court to direct the Commission to instruct municipal clerks that federal law requires Wisconsin voters with disabilities to be permitted to receive ballot return assistance. (Dkt. 16, 33.)[2]

---

[1] Plaintiffs also seek declaratory relief under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and under the First and Fourteenth Amendments of the U.S. Constitution. Because the parties agree that Plaintiffs' claims under the ADA and under the Rehabilitation Act are effectively identical, this letter brief will refer to Plaintiffs' ADA claims with the understanding that those references apply equally to their Rehabilitation Act claims. This letter brief will not discuss Plaintiffs' constitutional claim because the Court indicated at the August 24 hearing that it believes the case can be resolved on statutory grounds, and it thus does not intend to reach that constitutional claim. If Plaintiffs nonetheless continue to request permanent declaratory relief under the First and Fourteenth Amendments, then the Commission would dispute that request and would ask the Court to resolve that dispute before issuing permanent relief.

[2] The Commission notes that it is responding to the Court's inquiry about the possibility of a permanent, final order before it has had the opportunity to answer Plaintiffs' complaint and join issue on the matters raised therein. The Commission asks that any final order expressly dispose of all matters raised in the complaint.

The Honorable James D. Peterson
August 29, 2022
Page 3


On August 22, 2022, the Court issued a text-only order noting that Plaintiffs had not submitted a proposed order that precisely identified the relief they were seeking. The Court directed them to submit such a proposed order prior to the August 24 motion hearing. (Dkt. 32.) On August 23, Plaintiffs submitted a proposed preliminary order. (Dkt. 33.)[3] At the August 24 hearing, the Commission submitted its own proposed preliminary order. (Dkt. 35.)

The Commission's proposed preliminary order included (1) a declaration that the Voting Rights Act mandates that voters who require ballot return assistance by reason of disability must be permitted to receive such assistance; (2) a declaration that Plaintiffs are such voters and thus must be permitted to receive ballot return assistance; and (3) an order directing the Commission to transmit written notice to all Wisconsin municipal clerks that any Wisconsin voter who requires ballot return assistance by reason of disability must be permitted to receive such assistance. If Plaintiffs were to seek no more than that from a final order, then there would be no further disputed issues between the parties requiring additional litigation.[4] It appears, however, that Plaintiffs want broader relief than that, both with regard to the breadth of the declarations of federal law they are requesting, and with regard to the nature and extent of the directives they are asking the Court to impose on the Commission.

---

[3] Plaintiffs subsequently emailed to the Court a Microsoft Word version of their proposed order that included a correction of two words that had been inadvertently omitted from Dkt. 33. The corrected version of Plaintiffs' proposed order has not been separately docketed. References in this letter brief to Plaintiffs' proposed order refer to the corrected version of the order.

[4] The preliminary declaratory relief proposed by the Commission would have declared that both Wis. Stat. § 7.15(14) and the Voting Rights Act, construed together, mandate that voters who require ballot-return assistance by reason of disability must be permitted to receive such assistance. The Commission continues to believe that any declaratory relief issued by the Court should reference Wis. Stat. § 7.15(14), in addition to federal law. However, if Plaintiffs were to request permanent declaratory relief that did not reference Wis. Stat. § 7.15(14), but that otherwise was within the parameters set forth in this letter brief, the Commission would not consider the lack of reference to Wis. Stat. § 7.15(14) to be a disputed issue that would require further litigation before the Court could issue a final order resolving this case.

The Honorable James D. Peterson
August 29, 2022
Page 4

## Declaratory Relief

First, Plaintiffs seek a declaration not only under Section 208 of the Voting Rights Act—about which there appears to be no dispute between the parties—but also under Section 202 of the ADA, 42 U.S.C. § 12132. The Commission is concerned that any declaratory relief the Court might issue under the ADA could be construed as subjecting the Commission to broader and unspecified requirements that may go beyond the straightforward ballot return assistance requirement under the Voting Rights Act. For this reason, if Plaintiffs seek declaratory relief under the ADA, in addition to the Voting Rights Act, the Commission believes that further litigation would be needed to resolve disputes over the exact scope of any ADA requirements in this case. Conversely, if Plaintiffs seek permanent declaratory relief only under Section 208 of the Voting Rights Act, then the Commission believes there would be no further disputed issues between the parties regarding permanent declaratory relief.

## Injunctive Relief

Second, Plaintiffs ask the Court to enjoin the Commission from enforcing state election law in a way that violates federally guaranteed ballot-return-assistance requirements. More specifically, in paragraph 1a of their proposed preliminary order, Plaintiffs ask the Court to enjoin the Commission from enforcing any state-law prohibition of ballot-return-assistance for Plaintiffs or other qualified voters with disabilities who require such assistance.

As worded by Plaintiffs, that demand is insufficiently precise because it fails to specify which actions, or categories of action, within the Commission's state-law powers would be subject to the injunction. Absent such specification, the type of injunction requested by Plaintiffs would put the Commission in jeopardy of being held in contempt for violating this Court's injunction based on some potential future event that the Commission has no power under state law to prevent, or that goes beyond the issues specifically in the complaint before the Court. The Commission respectfully contends that any such injunction—whether temporary or permanent—would not be a proper exercise of this Court's injunctive powers.

To avoid the potential overbreadth of such an injunction, the Commission has suggested, in its own proposed preliminary order, that the Court not grant the type of *enforcement-related* injunctive relief against the Commission that is requested in paragraph 1a of Plaintiffs' proposed preliminary order. Instead, the Commission suggests that, in addition to the properly tailored declaratory relief discussed above,

The Honorable James D. Peterson
August 29, 2022
Page 5

the Court further declare that the Plaintiffs in this case are themselves voters who require ballot return assistance by reason of disability, and who thus must be permitted to receive ballot return assistance.

If any additional injunctive relief is sought, the Commission believes any such relief should only be *guidance-related*, rather than enforcement-related. Under state law, the Commission has the power to issue advisory guidance to local election officials concerning election-law requirements. Such guidance is not itself legally enforceable, but it may have persuasive authority and its issuance could help to remedy any existing uncertainty among election officials and members of the public concerning legal requirements related to ballot return assistance for certain voters with disabilities. Accordingly, the Commission's proposed preliminary order would have the Court direct the Commission to transmit written notice to all Wisconsin municipal clerks that any Wisconsin voter who requires ballot return assistance by reason of disability must be permitted to receive such assistance. To the extent that Plaintiffs seek such guidance-related injunctive relief, the Commission believes there is no dispute between the parties that would require additional litigation.

Plaintiffs, however, have requested not only guidance-related injunctive relief, but also enforcement-related injunctive relief. Moreover, at the preliminary injunction hearing, the Court suggested that it might be appropriate to impose some type of directive affecting how the Commission handles election-law complaints under Wis. Stat. §§ 5.05(2m) and 5.06,[5] where those complaints involve ballot return assistance issues.

The Commission believes that enforcement-related injunctive relief against it is unnecessary, and that any such relief would have to be narrowly and precisely tailored to the Commission's actual statutory powers, and could not be broadly framed in terms of any kind of non-specific directive to the Commission to "administer elections" in a certain way. Even with regard to the Court's more specific suggestion,

---

[5] Under Wis. Stat. § 5.06, the Commission can consider and decide complaints alleging election-law violations by election officials, and can direct such officials to conform their conduct to the law. Under Wis. Stat. § 5.05(2m), the Commission can consider and investigate complaints alleging election-law violations by any person, and if probable cause of such a violation is found, can either authorize the filing of a civil complaint against the alleged violator or refer the matter to the district attorney of the county where the alleged violator resides.

The Honorable James D. Peterson
August 29, 2022
Page 6

the Commission is concerned that any injunction directed at the Commission's exercise of its complaint-enforcement powers would have to be carefully crafted to avoid specifically directing how the Commission would decide a future quasi-judicial complaint proceeding. It is the Commission's position that, at most, an injunction could direct it, when deciding complaints involving ballot return assistance, to recognize Section 208 of the Voting Rights Act as requiring that any voter who requires ballot return assistance by reason of disability must be permitted to receive such assistance from a person of their choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union. If Plaintiffs seek any broader enforcement-related injunctive relief, then the Commission believes that further litigation would be needed to resolve disputes over the nature and scope of any such relief.

## Conclusion

In conclusion, without knowing precisely what Plaintiffs will seek in a final, permanent order, it is impossible for the Commission to definitively tell the Court whether there remain any disputed issues between the parties that would require further litigation before a final order could be issued. However, if Plaintiffs were to seek no broader relief from a permanent order than has been proposed in the Commission's proposed preliminary order, then there would be no further disputed issues requiring additional litigation.

Alternatively, if Plaintiffs seek permanent relief that goes beyond the relief proposed in the Commission's proposed preliminary order, the Commission believes that it still might be possible to issue a final order without additional litigation, but only if the permanent declaratory and injunctive relief sought by Plaintiffs were to fall within the following parameters:

(1)    A declaration that, under Section 208 of the Voting Rights Act, election officials in Wisconsin must allow any voter who requires ballot return assistance by reason of disability to receive such assistance from a person of their choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union;

The Honorable James D. Peterson
August 29, 2022
Page 7

     (2)     A declaration that the Plaintiffs in this case are themselves voters who require ballot return assistance by reason of disability, and they thus must be permitted to receive ballot return assistance, consistent with Section 208 of the Voting Rights Act;

     (3)     An order enjoining the Commission to transmit written notice to all Wisconsin municipal clerks that any voter who requires ballot return assistance by reason of disability must be permitted to receive such assistance consistent with Section 208 of the Voting Rights Act; and

     (4)     An order enjoining the Commission, when exercising its statutory complaint-enforcement powers under Wis. Stat. §§ 5.05(2m) and 5.06 in cases involving ballot return assistance, to recognize Section 208 of the Voting Rights Act as requiring that any voter who requires ballot return assistance by reason of disability must be permitted to receive such assistance from a person of their choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union.

The Commission would dispute any request by Plaintiffs for permanent declaratory or injunctive relief that went beyond those parameters, and would ask that the case continue in order to allow the parties to litigate any such disputed issues.

                    Sincerely,

                    Electronically signed by:

                    <u>Thomas C. Bellavia</u>
                    Thomas C. Bellavia
                    Assistant Attorney General

                    Attorney for Defendants Wisconsin
                    Elections Commission and Meagan Wolfe

TCB:srh

cc:     All parties via efile.